**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5077**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PRESTON DARNELL ROE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:07-cr-00392-HEH-1)

Submitted: November 17, 2009          Decided: December 7, 2009

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William J. Dinkin, DINKIN & PURNELL, P.L.L.C., Richmond, Virginia, for Appellant.  Kevin Christopher Nunnally, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Preston Roe appeals from the 120-month sentence imposed by the district court upon his guilty plea to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). Roe's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), in which he asserts that there are no meritorious issues for appeal but questions the reasonableness of Roe's sentence. Although advised of his right to file a supplemental pro se brief, Roe has not done so. For the reasons that follow, we affirm.

Roe was indicted for murder in Virginia state court; the jury found him guilty of the lesser-included offense of being an accessory after the fact. Roe had testified that he was present during the shooting but that he did not fire the weapon — rather, he testified that he took the gun from the shooter and sold it. Roe was then charged in federal court with possessing a gun after having been convicted of a felony; he pled guilty without a plea agreement. Roe's advisory guidelines range was 100-120 months imprisonment, based on a total offense level of 27 and a criminal history category of IV.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, ___, 128 S. Ct. 586, 597 (2007). In conducting this review,

2

this court first examines the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. . . ." Gall, 128 S. Ct. at 597.

The appellate court next "consider[s] the substantive reasonableness of the sentence imposed." Id. At this stage, we take "into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. If the sentence imposed is within the appropriate Guidelines range, we presume on appeal that the sentence is reasonable. Rita v. United States, 551 U.S. 338, ___, 127 S. Ct. 2456, 2459, 2462 (2007).

Roe argues that his sentence was procedurally unreasonable because the district court failed to address "each factor set forth" in § 3553(a). However, the district court is not required to "robotically tick through § 3553(a)'s every subsection." United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). Nor is Roe's sentence substantively unreasonable because the district court considered Roe's involvement in the underlying murder. See United States v. Duncan, 400 F.3d 1297, 1304-05 (11th Cir. 2005) (holding that consideration of

3

acquitted conduct does not violate the Sixth Amendment as long as the judge does not impose a sentence that exceeds what is authorized by the jury verdict).

We conclude that Roe's sentence is procedurally and substantively reasonable. The court correctly calculated his advisory Guidelines range, considered the relevant § 3553(a) factors, and explained its reasons for imposing the 120-month sentence. See United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (requiring that the district court "place on the record an individualized assessment based on the particular facts of the case before it"). Roe cannot overcome the presumption of reasonableness accorded his within-guidelines sentence.

We therefore affirm. This court requires that counsel inform Roe, in writing, of the right to petition the Supreme Court of the United States for further review. If Roe requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Roe. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4